IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| MATTSON L. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NUMBER: |
| ADVANCE STORES COMPANY, INC. d/b/a ADVANCE AUTO PARTS, | ) |
| Defendant. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Advance Stores Company, Incorporated d/b/a/ Advance Auto Parts[1] ("Advance Auto" or "Defendant"), appearing specially so as to preserve any and all defenses under Rule 12 of the Federal Rules of Civil Procedure, hereby removes case number 12-0632 from the Chancery Court of Hamilton County, Tennessee, where it is now pending, to the United States District Court for the Eastern District of Tennessee, Chattanooga Division. As grounds for its removal, Advance Auto states as follows:

### I. SERVICE AND TIMELINESS OF REMOVAL

1. Plaintiff filed the present action on or about August 16, 2012, in the Chancery Court for Hamilton County, Tennessee (No. 12-0632) against Advance Auto.

2. Advance Auto was served with the Summons and Complaint on August 23, 2012. A true and correct copy of all process, pleadings and papers served on Defendant in the state court action are attached hereto as Exhibit 1, including the Summons and Complaint, and are incorporated herein by reference. *See* 28 U.S.C. § 1446(a). Advance has not pled, answered or otherwise appeared in the state court action.

---

[1] The Complaint improperly names the defendant as Advance Stores Company, Inc. d/b/a Advance Auto Parts.

3. This Complaint constitutes a civil action within the meaning of the Acts of Congress governing the removal of cases from a state court to a federal district court.

4. This Notice of Removal is timely because it is filed within thirty (30) days after service of plaintiff's Complaint as required by 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 357-59 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint . . . .").

5. This Notice of Removal is filed within the district and division in which the state court action is pending. *See* 28 U.S.C. § 1446(a).

6. In accordance with 28 U.S.C. § 1441, Advance Auto gives notice of the removal of this action from the Chancery Court for Hamilton County, Tennessee to the United States District Court of the Eastern District of Tennessee, Chattanooga Division. A copy of this Notice is attached hereto as Exhibit 2.

7. Pursuant to 28 U.S.C. § 1446(d), Advance Auto has served its Notice of Removal on all parties by U.S. Mail, and Advance Auto has filed by U.S. Mail this Notice with the Clerk of the Circuit Court of Hamilton County, Tennessee.

## II. DIVERSITY EXISTS BETWEEN THE PARTIES

8. Plaintiff's Complaint is a civil action that is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the

2

> Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

9. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332, which provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

10. This matter meets the amount in controversy threshold of $75,000 as set forth in 28 U.S.C. § 1332 as Plaintiff seeks $500,000 – an amount noted on the first page of his Complaint. *See* Exhibit 1 (Complaint at 1). Further, as evidenced in the Complaint and described below, complete diversity exists between the parties as required by 28 U.S.C. § 1332. Thus, diversity jurisdiction does exist.

11. As alleged in the Complaint, plaintiff is a resident of Rossville, Walker County, Georgia. *See* Exhibit 1 (Complaint at 1, ¶ 3).

12. The corporate defendant is diverse. As noted in the Complaint, Advance Auto is a Virginia corporation; its principal place of business is in Virginia. *See* Exhibit 1 (Complaint at 2, ¶ 4).

13. Accordingly, as the Complaint itself evidences the amount in controversy exceeds $75,000 and that the parties are citizens of different states, removal is proper under 28 U.S.C. §§ 1332, 1441 and 1446. *See* Exhibit 1.

WHEREFORE, Defendant Advance Stores Company, Incorporated d/b/a Advance Auto Parts, respectfully requests that the United States District Court for the Eastern District of

Tennessee, Chattanooga Division, accept the removal of this action from the state court and direct that the Chancery Court for Hamilton County, Tennessee have no further jurisdiction of this matter unless and until this case is remanded.

Dated this 21st day of September, 2012.

>Respectfully submitted,
>
>*s/ Yvonne N. Maddalena*
>Tammy L. Baker (*Pro Hac Vice Pending*)
>Phone: (205) 332-3106
>bakert@jacksonlewis.com
>Yvonne N. Maddalena
>Phone: (205) 332-3118
>Yvonne.maddalena@jacksonlewis.com
>JACKSON LEWIS LLP
>800 Shades Creek Parkway, Suite 870
>Birmingham, AL 35209
>Facsimile: 205-332-3131
>**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that the undersigned electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the undersigned served a true and correct copy of the foregoing via email and via Federal Express, to the following:

>Harry F. Burnette, Esq.
>H. Eric Burnette, Esq.
>711 Cherry Street
>Chattanooga, TN 37402
>hburnette@bdhlaw.com

This the 21st day of September, 2012.

>*s/ Yvonne N. Maddalena*
>Counsel of Record

4816-1443-1249, v. 1

4

Case 1:12-cv-00315-WBC   Document 1   Filed 09/21/12   Page 4 of 4   PageID #: 4